**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SLEP-TONE ENTERTAINMENT**
**CORPORATION,**

    Plaintiff,

v.                                      Case No.  8:12-cv-157-T-30MAP

**NEBRASKA 41 GROUP LLC, et al.,**

    Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court upon the motions to dismiss filed by Defendants Nebraska 41 Group, LLC (Dkt. 10), Salad Werks, Inc. (Dkt. 34), Two Joe's, Inc. (Dkt. 35), JRMZ Enterprises, Inc. (Dkt. 38), and IL Mio Sogno LLC (Dkt. 42) and Plaintiff's responses to same.  The Court, having reviewed the motions, Plaintiff's responses, and being otherwise advised of the premises, concludes that the motions should be granted because Plaintiff's second amended complaint is an improper shotgun pleading and Defendants are inappropriately joined in this action.

**BACKGROUND**

This is an action by Plaintiff for trademark infringement and federal unfair competition, and for state-law unfair competition and deceptive and unfair trade practices, in which Defendants are accused of knowingly benefitting from the use of pirated,

counterfeit karaoke accompaniment tracks belonging to Plaintiff. Defendants' alleged liability arises from their hiring of karaoke operators who make use of pirated, counterfeit karaoke accompaniment tracks to produce karaoke shows at Defendants' venues, and from continuing to hire and utilize the services of those karaoke operators, having previously been informed of the infringing nature of the operators' services. Plaintiff alleges that Defendants derived a significant financial benefit from the use of this pirated material in the establishments they control.

This case is at issue upon motions to dismiss filed by Defendants Nebraska 41 Group, LLC, Salad Werks, Inc., Two Joe's, Inc., JRMZ Enterprises, Inc., and IL Mio Sogno LLC. These Defendants argue, among other things, that the second amended complaint fails to state a claim and is an inappropriate shotgun pleading.

The Court concludes that Plaintiff's second amended complaint must be dismissed because it is an inappropriate shotgun pleading. The Court also concludes that these Defendants have been improperly joined.

## DISCUSSION

A "shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.,* all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1333 (11th Cir.

1998). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cnty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996). As a result, shotgun pleadings are routinely condemned by the Eleventh Circuit. *See, e .g., Pelletier v. Zweifel,* 921 F.2d 1465, 1518 (11th Cir. 1991) ("Anyone schooled in the law who read these [shotgun pleading] complaints ... [ ] would know that many of the facts alleged could not possibly be material to all of the counts. Consequently, [the opposing party] and the district court [have] to sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed.").

Plaintiffs' second amended complaint (Dkt. 4) consists of roughly 107 paragraphs and each claim for relief realleges "each and every allegation set forth in the foregoing paragraphs, as though fully set forth" therein. This is the epitome of a shotgun pleading. Accordingly, Plaintiff must replead its complaint to comply with the Eleventh Circuit's case law on shotgun pleadings.

Importantly, Plaintiff's second amended complaint also improperly joins Defendants Nebraska 41 Group, LLC, Salad Werks, Inc., Two Joe's, Inc., JRMZ Enterprises, Inc., and IL Mio Sogno LLC in this case. As the Court previously informed Plaintiff (*see* case no. 8:11-cv-1528-JSM-EAJ at Dkt. 68), Plaintiff shall file a separate case (and pay a filing fee) as to each Defendant, other than the first Defendant that files a response to the complaint in the same case. Notably, this was a remedy for Plaintiff's initial mistake of filing cases

against numerous unrelated defendants. **Thus, Plaintiff is placed on notice that if it continues to file cases against numerous unrelated defendants in this district, having been told previously by this Court that Plaintiff is improperly joining these defendants, <u>Plaintiff may be subject to sanctions, including, but not limited to, automatic dismissal of its cases without further notice</u>.**

It is therefore ORDERED AND ADJUDGED that:

1. The motions to dismiss filed by Defendants Nebraska 41 Group, LLC (Dkt. 10), Salad Werks, Inc. (Dkt. 34), Two Joe's, Inc. (Dkt. 35), JRMZ Enterprises, Inc. (Dkt. 38), and IL Mio Sogno LLC (Dkt. 42) are GRANTED for the reasons stated herein.

2. **Defendants Nebraska 41 Group, LLC, Salad Werks, Inc., Two Joe's, Inc., JRMZ Enterprises, Inc., and IL Mio Sogno LLC are hereby severed from this case and the Clerk shall terminate them as parties to this case.**[1]

3. Plaintiff shall be free to file a new lawsuit against each of the remaining severed Defendants. Since the new complaints will be given new case numbers and randomly assigned to judges in accordance with the local rules, Plaintiff is directed to inform the clerk and newly assigned judges that a related case is pending before the undersigned and that the undersigned has indicated his assent to receive all related cases.

---

[1] Because Defendant Snappers Bar & Grill, Inc. ("Snappers") filed an answer to the second amended complaint (Dkt. 36), it shall remain a Defendant in this case, and the second amended complaint is not dismissed as it relates to Snappers. Also, any Defendant that received a Clerk's Default shall remain in this case.

   4.  The CLERK is directed to reassign this case to Magistrate Judge Elizabeth Jenkins.

   **DONE** and **ORDERED** in Tampa, Florida on April 30, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-157.variousmts2dismiss.wpd