**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SLEP-TONE ENTERTAINMENT**
**CORPORATION,**

    **Plaintiff,**

v.                                                                                          Case No.  8:12-cv-157-T-30EAJ

**SNAPPERS BAR & GRILL, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Snappers Bar & Grill, Inc.'s Motion to Dismiss (Dkt. 101) and Plaintiff Slep-Tone Entertainment Corporation's Response in opposition (Dkt. 102).  The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") manufactures karaoke accompaniment tracks on compact discs, which are used during karaoke shows for participants to sing along with.  Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448 for the trademark Sound Choice.  Slep-Tone is also the owner of U.S. Trademark Registration No. 2,000,725 for a display trademark for Sound Choice.

Defendant Snappers Bar & Grill, Inc. operates an establishment known as "Snappers" in Palm Harbor, Florida.  Slep-Tone alleges that Snappers contracted with one or more suppliers known as karaoke operators who provided karaoke entertainment shows at

Snappers. Slep-Tone alleges that Snappers knew that the karaoke operators were infringing Slep-Tone's trademark and refused to terminate their services.

The complaint asserts causes of action against Snappers for federal trademark infringement, federal unfair competition, and deceptive and unfair trade practices under Florida law.

Snappers moves to dismiss Slep-Tone's complaint because it argues that the complaint contains "boilerplate accusations that Plaintiff appears to assert indiscriminately against multiple establishments where karaoke is performed." Snappers contends that the complaint is void of any "unique allegations related to" Snappers and that the karaoke subcontractors are unnamed in the complaint.

Snappers' arguments lack merit at this stage. The complaint contains sufficient allegations with respect to Snappers' unlawful activity. Whether the complaint's allegations are similarly pled against other defendants is irrelevant. Also, as this Court has held in two other Slep-Tone cases, the complaint does not have to name the karaoke subcontractors in order to state a claim against the owner of the establishment.

To prevail on a contributory trademark infringement claim, a plaintiff must show that the defendant "intentionally induces another to infringe a trademark, or [ ] continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement...." *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 854, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).

Vicarious liability for trademark infringement "requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing

product." *RGS Labs Intern., Inc. v. The Sherwin-Williams Co.*, 2010 WL 317778, at *3 (S.D. Fla. Jan. 11, 2010) (*citing Hard Rock Café Licensing Corp. v. Concession Servs., Inc.,* 955 F.2d 1143, 1150 (7th Cir. 1992)).

Here, Slep-Tone alleges that Snappers was aware of the karaoke operators' unlawful activity and continued to utilize their services at its establishment. In other words, a finder of fact could determine that Snappers had the ability to control whether its karaoke providers/operators were performing using lawful, properly licensed accompaniment tracks at its establishment.

Finally, Snappers argues that it was engaged in lawful activity. This argument is tantamount to a denial of the allegations. It is axiomatic that the Court must assume the truth of the allegations at this stage.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Snappers Bar & Grill, Inc.'s Motion to Dismiss (Dkt. 101) is DENIED.

2. Defendant shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 19, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-157.mtdismiss101.wpd