**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SLEP-TONE ENTERTAINMENT
CORPORATION,
    Plaintiff,

v.

SNAPPERS BAR & GRILL, INC., et al.,
    Defendants.

**CASE NO. 8:12cv157-JSM-EAJ**

**DEFAULT FINAL JUDGMENT AND**
**PERMENANT INJUNCTION AS TO DEFENDANTS,**
**D&D PUB, INC., JACK'S BAIT SHACK, INC., NAPLES**
**EAST BEEFS, INC., SOUTH STREET RESTAURANT GROUP,**
**INC., GRUMPY'S ALE HOUSE, INC., HOELZER PROPERTIES,**
**INC., AND KISSIMMEE POPCORN CO., INC.**

This matter is before the Court upon the Motion of Plaintiff, Slep-Tone Corporation ("Slep-Tone"), for Default Final Judgment against Defendants, D&D's Pub, Inc., Jack's Bait Shack, Inc., Naples East Beefs, Inc., South Street Restaurant Group, Inc., Grumpy's Ale House, Inc., Hoelzer Properties, Inc., and Kissimmee Popcorn Co., Inc., each individually (Dkt.115). For the reasons given below, and having considered the evidence and materials supplied and cited by Plaintiff in support of its motion, the Plaintiff's motion will accordingly be GRANTED IN PART. The judgment will be entered for the Plaintiff against the Defendants as follows:

**FINDINGS OF FACT**

1.    On January 25, 2012, Slep-Tone commenced this action against Defendants, D&D's Pub, Inc., Jack's Bait Shack, Inc., Naples East Beefs, Inc., South Street Restaurant Group, Inc., Grumpy's Ale House, Inc., Hoelzer Properties, Inc., Kissimmee Popcorn Co., Inc. and others as Case No. 8:12cv157-JSM-EAJ in the Middle District of Florida (Doc. 1).

2. In April 2012, the Clerk entered a default as to each of the Defendants.

3. Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448, for SOUND CHOICE®, and of U.S. Trademark Registration No. 2,000,725, for a display trademark SOUND CHOICE & Design® ("the Marks").

4. Slep-Tone has consistently used the ® symbol to denote the registration of the Marks and thereby to give notice to the public that the Marks are federally registered.

5. Contractors of the Defendants used a reproduction, counterfeit, or copy of the Marks in connection with the provision of karaoke services at venues owned and operated by the Defendants.

6. The Defendants have authorized and directly benefited from the use of a reproduction, counterfeit, or copy of the Marks in connection with the provision of karaoke services, when their contractors displayed that reproduction, counterfeit, or copy during the provision of their services.

7. None of the Defendants or their contractors had a license or other permission to create digitized copies of the Plaintiff's karaoke discs or of the karaoke tracks contained thereon.

8. An unauthorized digitized copy of the Plaintiff's karaoke discs or music tracks is a counterfeit.

9. Neither the Defendants nor their contractors had a license to use counterfeit tracks in connection with their provision of karaoke services.

10. The Defendants unauthorized use of counterfeits of the Marks is likely to cause consumer confusion by deceiving their customers and/or patrons into believing that the services are being provided with the Slep-Tone's authorization.

11. Slep-Tone has been harmed by the Defendants' infringing activities.

12. The Defendants' actions were willful.

13. Each of the Defendants was notified by the Plaintiff of ongoing infringement in their establishments well prior to the commencement of this action, but nevertheless continued to contract with infringing providers to perform karaoke shows at their respective establishments.

14. Each of the Defendants, by virtue of their ability to enter into contracts with karaoke providers, and by virtue of their control over the activities that occur on their premises, has the ability to control the manner in which karaoke services are provided in their establishments, including whether or not their karaoke contractors perform shows using lawful, properly licensed accompaniment tracks.

15. Each of the Defendants benefits financially from the karaoke shows performed at their establishments, and particularly through the use of counterfeit goods bearing the Sound Choice Marks, through increased patronage and revenues and reduced costs.

## **CONCLUSIONS OF LAW**

1. By virtue of their default in this matter, the Defendants are deemed to have admitted those facts alleged in the Second Amended Complaint that are material to Slep-Tone's claims against them.

2. By using contractors who used counterfeit materials bearing the Marks to put on karaoke shows and by displaying the Marks during the course of those shows at the Defendants' establishments, the Defendants have committed acts that are likely to cause confusion among consumers of their services as to authorization, sponsorship, and affiliation of their services with Slep-Tone. In particular, customers and/or patrons who visit the Defendants' establishments are likely to be deceived into believing that the services are being provided with the Plaintiff's authorization.

3. The Defendants had the ability to control and exercise control over the use of infringing products, had knowledge that infringing products were being used to provide services, and they derived a direct financial benefit from the use of the infringing products.

4. Accordingly, the Defendants' activities constitute trademark infringement involving counterfeiting.

5. The Defendants' same acts constitute a violation of §43(a) of the Trademark Act of 1946, as amended, in that the display of Slep-Tone's marks and the marks of other manufactures whose materials who have been similarly pirated constitutes a false designation of the origin of those materials.

6. The Defendants' same acts further constitute a *per se* violation of FDUTPA. *See TracFone Wireless, Inc. v. Accesss Telecom, Inc.,* 642 F.Supp.2d 1354, 1365 (S.D. Fla.2009) ("Engaging in trademark infringement is an unfair and deceptive trade practice that violates" FDUTPA).

7. Slep-Tone is entitled to a statutory damage award from the Defendants.

8. Permanent injunctive relief against the Defendants is necessary to prevent continuing harm to Slep-Tone.

9. Permanent injunctive relief against the Defendants is also necessary to prevent a continuing likelihood of consumer confusion attributable to the Defendants' infringing activities.

In view of the foregoing Findings of Fact and Conclusions of Law, it is accordingly ORDERED that the Motion of Plaintiff Slep-Tone Entertainment Corporation to Enter a Default Final Judgment against Defendants D&D's Pub, Inc., Jack's Bait Shack, Inc., Naples East Beefs, Inc., South Street Restaurant Group, Inc., Grumpy's Ale House, Inc., Hoelzer Properties, Inc.,

and Kissimmee Popcorn Co., Inc., (Dkt. 115) is hereby **GRANTED IN PART.**  It is therefore **ORDERED and ADJUDGED** as follows:

1.      Pursuant to 15 U.S.C. §1116, judgment is hereby entered in favor of Plaintiff, Slep-Tone and against Defendants, D&D's Pub, Inc., Jack's Bait Shack, Inc., Naples East Beefs, Inc., South Street Restaurant Group, Inc., Grumpy's Ale House, Inc., Hoelzer Properties, Inc., and Kissimmee Popcorn Co., Inc., individually, for statutory damages in the principal amount of $44,378.00, for which sum let execution issue.

2.      Interest from the date of entry of this judgment shall accrue at the legal rate, pursuant to 28 U.S.C. §1961.

3.      The Defendants, their agents and employees, and all persons in active concert or participation with them and having knowledge of this Order are hereby permanently **ENJOINED** (a) from using or displaying unauthorized Sound Choice Marks in U.S. Trademark Registration No. 1,923,448, for SOUND CHOICE®, and of U.S. Trademark Registration No. 2,000,725, for a display trademark SOUND CHOICE & Design®, together with all of those acting in privity or concert with them who have knowledge of the injunction, during their provision of karaoke entertainment services, unless the display is in conjunction with a show provided by a karaoke operator who is certified by the Plaintiff as being a fully licensed and compliant operator; and (b) from using unauthorized false designations or origin, with respect to words, names, and symbols, associated with other manufacturers.

4.      The Court retains jurisdiction for a period of one (1) year over this cause and over the parties for the purpose of enforcing the foregoing relief and entering all further post-judgment orders that are just and proper.

5. The Clerk of the Court is directed to **CLOSE** this case.

DONE and ORDERED in Tampa, Florida on May 15, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies To:
bill.yanger@yangerlaw.com, ktravers@yangerlaw.com, suzan.miller@yangerlaw.com

ddavis@davisbastalaw.com, rdirks@davisbastalaw.com, tdipinto@davisbastalaw.com,

D&D'S PUB, INC.
C/O REGISTERED AGENT
DIANE S. BRINKER
3618 CAMBRIDGE DR W
BRADENTON, FL 34205

JACK'S BAIT SHACK, INC.
C/O REGISTERED AGENT
JULIA RICHARDS
975 IMPERIAL GULF COURSE BLVD. #101
NAPLES, FL 34110

NAPLES EAST BEEFS, INC.
DBA BEEF O'BRADY'S
C/O REGISTERED AGENT
GARY FLEISCH
3883 TAMIAMI TRAIL E.
NAPLES, FL 34112

SOUTH STREET RESTAURANT GROUP, INC.
C/O REGISTERED AGENT
JOSEPH M. UNSINN
1410 PINE RIDGE ROAD #4
NAPLES, FL 34108

GRUMPY'S ALE HOUSE, INC.
C/O REGISTERED AGENT
EDMUND LIV HOELZER
8935-37 TAMIAMI TRIAL NORTH
NAPLES, FL 34108

HOELZER PROPERTIES, INC.
DBA GRUMPY'S ALE HOUSE
C/O REGISTERED AGENT
EDMUND LIV HOELZER
8935-37 NORTH TAMIAMI TRAIL
NAPLES, FL 34108

KISSIMMEE POPCORN COMPANY
DBA BLUE MAX TAVERN
C/O REGISTERED AGENT
BRYAN K. SUTTON
1600 EAST AMELIA
ORLANDO, FL 32803