**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SLEP-TONE ENTERTAINMENT
CORPORATION,

    Plaintiff,

v.                                                     Case No: 8:12-cv-157-T-30EAJ

SNAPPER'S BAR & GRILL, INC.

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendants Grumpy's Ale House, Inc. and Hoelzer Properties, Inc.'s Motion to Set Aside Clerk's Default and Default Judgment (Dkt. #122). Plaintiff Slep-Tone Entertainment Corporation did not file a response to the Motion.

*Background*

On January 25, 2012, Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") filed this lawsuit against Defendants Grumpy's Ale House, Inc. and Hoelzer Properties, Inc., (the "Defendants") as well as other named defendants for copyright infringement based on the unauthorized use of karaoke music. On February 1, 2012, Slep-Tone filed a Second Amended Complaint. Both Defendants were served with process through a registered agent, Edmund L. Hoelzer IV. Hoelzer filed a motion requesting an extension of time to file an answer on March 9, 2012, (Dkt. #15). The Court entered an order granting

the motion and extending the deadline to March 26, 2012. Defendants did not file a response nor did an attorney appear on their behalf. On April 20, 2012, Slep-Tone filed a Motion for Clerk's Default. The motion stated that the Defendants had not filed an "answer, appearance, or other pleading." The motion's certificate of service does not indicate that Slep-Tone provided a copy of the motion to Hoelzer, or any other representative for the Defendants. The Clerk entered a default on April 23, 2012.

Thereafter, the Court entered an order dismissing the Second Amended Complaint, (Dkt. #74), due to it being a shotgun pleading and that it improperly joined several unrelated defendants. The Court specifically stated in the order that any defendants against which the Clerk already entered a default would "remain in the case" but it severed several of the other defendants. Slep-Tone then filed a Third Amended Complaint (and later a Fourth Amended Complaint) which named Snapper's Bar & Grill, Inc. as the sole defendant. The Clerk terminated the Defendants from the case. In spite of dropping the Defendants in the Third and Fourth Amended Complaints, Slep-Tone then filed a Motion for Default Judgment against the Defendants on May 14, 2013. Slep-Tone served the Defendants with the motion. The Court granted the motion on May 15, 2013, and the Clerk entered the Default Final Judgment on May 17, 2013, in the amount of $44,378.00.

*Discussion*

### I. Legal Standard

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Rule 60(b) permits the court to set aside a default judgment based on the following: mistake,

inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct by an opposing party, a void, satisfied, released or discharged judgment, or "any other reason that justifies relief."

Because there is a strong policy of determining cases on their merits, defaults are viewed with disfavor. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nevertheless, a court may not set aside a default and default judgment simply because it believes the case should be decided on the merits. *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1203 (11th Cir. 1999).

## II. Defendant's Motion to Set Aside Clerk's Default and Final Judgment

Defendants seek to set aside the Clerk's default and the Final Default Judgment entered against them arguing that the Clerk improperly entered default against them due to the fact that Hoelzer filed a pleading in the case on behalf of both Defendants. They further argue that the Court was not authorized to enter the default judgment since the Court did not hold a hearing on the matter and the judgment was entered two days after Slep-Tone filed the motion instead of the seven days required by Rule 55(b)(2).

## III. Clerk's Default

A clerk can enter a default "when a party against whom a judgment for affirmative relief is sought and has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). The Middle District of Florida Local Rules dictate that a corporation must be represented by an attorney. M.D. Fla. L.R. 2.03(e).   An appearance in a case by a corporate representative is not sufficient to allow a corporation to defend against a claim. Although Mr. Hoelzer filed a pleading, no attorney appeared on behalf of the Defendants at the time the Clerk entered

the default. Nonetheless, the "appearance" required by Rule 55 has been broadly defined, and is not limited to a formal court appearance. *See Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977) (reversing district court's denial of defendant's motion to set aside default judgment where defendant did not formally appear in the case). The Court concludes that the Defendants have shown good cause for setting aside the Clerk's defaults.

### IV.     Final Default Judgment

The Court entered a Final Default Judgment against the Defendants pursuant to Rule 55(b)(2).  Therefore, the Court may set aside the judgment for "any reason that justifies relief." The Court concludes that Final Default Judgment should be set aside given that Slep-Tone abandoned its claims against the Defendants.

The Court's April 20, 2012 Order dismissing Slep-Tones's Second Amended Complaint stated that the Defendants against whom the Clerk entered a default would "remain in the case." However, when Slep-Tone filed a Third Amended Complaint naming only Snapper's Bar & Grill, Inc. as a defendant, it essentially dropped Grumpy's Ale House and Hoelzer Properties, Inc. along with the other defendants D&D's Pub, Inc., Jack's Bait Shack, Inc., Naples East Beefs, Inc., South Street Restaurant Group, Inc., and Kissimmee Popcorn Co., Inc., from the lawsuit. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241 (11th Cir. 2007) ("amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") *See also Schreane v. Middlebrooks*, 522 Fed. Appx. 845 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 700 (U.S. 2013) (amended complaint asserting *Bivens* claims

4

against only four prison officials superseded prisoner's original complaint asserting claims against seventeen prison officials, where amended complaint did not specifically refer to, adopt, or incorporate original complaint); M.D. Fla. L.R. 4.01 (an amended pleading must incorporate all amendments).

The Third and Fourth Amended Complaints did not name the Defendants as parties, did not incorporate by reference the Second Amended Complaint, nor was it served on the Defendants. Therefore, the Court concludes that the filing of the Third and Fourth Amended Complaints which failed to name the Defendants or assert any claims against them justifies relief from the Final Default Judgment.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Grumpy's Ale House, Inc. and Hoelzer Properties, Inc.'s Motion to Set Aside Clerk's Default and Default Judgment (Dkt. #122) is GRANTED.

2. The Clerk's Defaults entered on April 23, 2012, against Grumpy's Ale House, Inc. and Hoelzer Properties, Inc. (Dkts. #64 & 65) are hereby VACATED.

3. The Default Final Judgment and Permanent Injunction as to Defendants D&D's Pub, Inc., Jack's Bait Shack, Inc., Naples East Beefs, Inc., South Street Restaurant Group, Inc., Grumpy's Ale House, Inc., Hoelzer Properties, Inc., and Kissimmee Popcorn Co., Inc., (Dkt. # 119) is hereby VACATED.

4. The Default Final Judgment entered against D&D's Pub, Inc., Jack's Bait Shack, Inc., Naples East Beefs, Inc., South Street Restaurant Group, Inc.,

        Grumpy's Ale House, Inc., Hoelzer Properties, Inc., and Kissimmee Popcorn Co., Inc., (Dkt. # 120) is hereby VACATED.

5. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Tampa, Florida, this 31st day of March, 2014.

                                                        */s/ James S. Moody, Jr.*
                                                        JAMES S. MOODY, JR.
                                                        UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2012\12-cv-157- set aside default 122.docx